# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 15, 2021

LETTER TO COUNSEL

RE:   *Wayne B. v. Kijakazi*
      DLB-20-1654

Dear Counsel:

On June 9, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1.  I have considered the parties' cross-motions for summary judgment and plaintiff's response.  Pl.'s Mem., ECF 17; Def.'s Mem., ECF 22; Pl.'s Reply, ECF 23.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed his claim for benefits on February 23, 2017, alleging an onset date of November 3, 2012.  Administrative Transcript ("Tr.") 196.  The SSA denied his claim initially and on reconsideration.  Tr. 128–32, 137–38.  An Administrative Law Judge ("ALJ") held a hearing on April 3, 2019.  Tr. 33–67.  At the hearing, plaintiff amended his alleged onset date to June 28, 2014.  Tr. 38.  Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 7–27.  Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA.  Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "obesity, degenerative disc disease of the lumbar spine and the cervical spine, major depressive disorder, bipolar I disorder, schizotypal personality disorder, and substance addiction disorder."  Tr. 12.  Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [he] could never climb ladders, ropes, or scaffolds.  [He] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  [He] must avoid concentrated exposure to workplace hazards such as moving mechanical parts, unprotected heights, fire, and open bodies of water.  The claimant can have frequent exposure to vibration and fumes, odors, dust gases, poor ventilation, and pulmonary irritants.  [He] is able to perform simple tasks in two-hour increments.  [He] can have occasional interaction with coworkers and supervisors but only superficial contact with the general public.  [He] can adapt to simple changes in a routine work setting.  [He] is limited to simple, routine, and repetitive tasks, not at a production rate pace.

Tr. 16.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff was unable to perform his past relevant work but could perform other jobs existing in significant numbers in the national economy.  Tr. 21–23.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr. 23.

On appeal, plaintiff argues appellate review is frustrated by the ALJ's failure to define an ambiguous term and that the ALJ's credibility determination is unsupported by substantial evidence.  Because plaintiff's arguments are without merit, I affirm the SSA's decision.

Plaintiff first argues remand is appropriate under *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019).  In *Thomas*, the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work not "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]."  916 F.3d at 312.  Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning.  *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding . . . properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace.  On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate.").

In this case, the ALJ determined plaintiff's RFC was limited to, in relevant part, "simple, routine, and repetitive tasks, not at a production rate pace."  Tr. 16.  The ALJ also used the term in her hypothetical to the VE.  Tr. 63.  Plaintiff argues that, pursuant to *Thomas*, this Court lacks the information to understand what "production rate pace" means.  *See* Pl.'s Mem. 9–13; 916 F.3d at 312, n.5.  I disagree.  Unlike in *Thomas*, here the VE specifically expounded upon her understanding of the meaning of that term before she testified that none of the occupations she identified required such a pace: "I'm look[ing] at production rate of pace where an individual would be on a conveyor belt and having to keep pace with that.  These jobs do not require that."  Tr. 63.  The ALJ did not correct the VE as to her interpretation of the meaning of the term.  *See* Tr. 63.  Thus, unlike in *Thomas*, here the record contains additional information expounding the meaning of "production rate pace."  *See* 952 F.3d at 312.

To this point, plaintiff argues that a definition of "production rate pace" does not appear in "any portion of the ALJ's written decision or in any of the hypotheticals that were presented to the

*Wayne B. v. Kijakazi*
DLB-20-1654
September 15, 2021
Page 3

[VE]."  Pl.'s Reply 2.  According to plaintiff, remand is required under *Thomas* where the ALJ—herself—did not provide a definition of the disputed term.  *See id.* at 2–5.  Plaintiff also argues "the regulations clearly explain that the determination of a claimant's RFC lies with the ALJ, not the [VE]."  *Id.* at 3–4 (citing 20 C.F.R. § 404.1546).  Further, plaintiff argues the Commissioner "has attempted to avoid remand regarding this particular issue by citing the [VE's] testimony or alternatively arguing that any error would be harmless if the plaintiff had not argued that any of the occupations identified by the [VE] required a specific pace or production requirement."  Def.'s Mem. 13.  Plaintiff cites *Geneva W. v. Commissioner, Social Security Administration*, No. SAG-18-1812, 2019 WL 3254533 (D. Md. July 29, 2019), as an exemplar of this Court's "reject[ion] [of] each of these arguments."  *Id.*  These are arguments are unavailing.

With respect to the *Thomas* argument, the Fourth Circuit remanded the ALJ's decision in *Thomas* because the ALJ's failure to define ambiguous terms "ma[de] it difficult, if not impossible, for [the Court] to assess whether their inclusion in [the plaintiff's] RFC [was] supported by substantial evidence."  916 F.3d at 312.  "Meaningful appellate review" having been frustrated, remand was required to permit "the ALJ to give [the Court] a clearer window into her reasoning."  *Id.* at 312–13.  The ALJ's failure to define ambiguous terms, therefore, gave rise to reversible error only because the Court could not determine whether the decision was supported by substantial evidence.  *Id.*  *Thomas*, however, does not require remand in cases where the ALJs' failure to define a term does not prevent substantial evidence review.  Because the exchange between the VE and the ALJ provides the Court with an understanding of the ambiguous term, appellate review is possible.

As to plaintiff's argument that remand is required because the VE, not the ALJ, determined the RFC in contravention of 20 C.F.R. § 404.1546, I disagree.  That regulation pertains to the ALJ's responsibility for assessing a claimant's RFC at the hearing stage.  *Id.* § 404.1546(c).  In this case, the regulation was followed.  The ALJ determined plaintiff's RFC.  Then, the VE testified to her understanding of the RFC term—an understanding the ALJ was free to correct.  *See* Tr. 63.  The VE did not balance evidence or determine plaintiff's RFC.  Indeed, the VE testified only to the jobs available to a "hypothetical individual"—not plaintiff.  Tr. 62–63.  Under these circumstances, remand is not required.

As to plaintiff's argument that this Court has considered and rejected the Commissioner's argument on this "particular issue," I disagree.  *See* Def.'s Mem. 13.  In *Geneva W.*, this Court addressed whether the absence of any expression of confusion by the VE as to the meaning of the ambiguous term cured an error under *Thomas*.  2019 WL 3254533, at *3.  The Commissioner essentially argued that, because the VE and the ALJ had a meeting of the minds, the decision was supported by substantial evidence.  *Id.*  The Court concluded the VE's failure to express confusion as to the meaning of the term was immaterial because "the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence."  *Id.*  The reason for remand in *Geneva W.* was that the Court "[could not] determine whether the ALJ's findings were supported by substantial evidence without an explanation of the" ambiguous term.  *Id.*  That is not the case here.  In this case, the VE provided a definition of the term before expressing her opinion that the pace limitation would not affect the availability of the occupations she identified.  Tr. 63.  The

ALJ did not express any disagreement with the VE's definition of "production rate pace." Tr. 63. The crux of an error under *Thomas*, as this Court observed in *Geneva W.*, is whether the record contained a sufficient basis for substantial evidence review. *See Thomas*, 916 F.3d at 311; *Geneva W.*, 2019 WL 3254533, at *3. In this case, the record contains a definition of the ambiguous term. Substantial evidence review, therefore, is possible.

I find substantial evidence supports the ALJs conclusion. The ALJ discussed the CPP limitations during her analysis of the consultative examiner's report, to which the ALJ accorded great weight. Tr. 20. The examiner reported plaintiff "has very poor concentration and does not persist with tasks that become difficult." Tr. 655. The examiner also reported plaintiff's "prognosis for return to work in the coming year [was] good provided he receive[d] assistance managing his depression." Tr. 655. Further, the examiner reported plaintiff was "poorly adapted to his condition" and was "convinced that the lyme disease [was] the primary cause for the problems he [was] experiencing." Tr. 656. The examiner disagreed with plaintiff that lyme was clearly causing his mental impairments, which the examiner attributed to "demoralization" after noting plaintiff's "ability to reason [was] fully intact." Tr. 655–56. Thus, substantial evidence supports the ALJ's conclusion with respect to plaintiff's CPP limitations.

Plaintiff also challenges the ALJ's adverse credibility determination. Plaintiff argues the ALJ (1) impermissibly required objective evidence substantiating his symptoms, (2) erred in refusing to consider evidence from after his date last insured ("DLI"), and (3) impermissibly characterized his activities of daily living ("ADLs") as inconsistent with his subjective complaints. Pl.'s Mem. 13–21.

First, while "there need not be objective evidence of . . . pain [resulting from a medically determinable impairment]," *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989), an ALJ properly considers "all [a claimant's] symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. § 404.1529(a). In *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017), the Fourth Circuit held an ALJ erred by citing only objective medical evidence to discount the plaintiff's complaints. For example, the ALJ found the plaintiff "noted ongoing complaints of pain" at "follow-up physical examinations" but that "there was 5/5 muscle strength in all major muscle groups, normal sensation and reflexes, and no evidence of acute range of motion irregularities." *Id.* at 865. The ALJ cited only objective evidence to support his reasoning. *See id.* The only exception to this pattern was the ALJ's vague, unsupported assertion that the plaintiff's "stated ongoing capabilities" supported his conclusions. *See id.* Accordingly, the Fourth Circuit held remand was appropriate because the plaintiff's "subjective evidence of pain intensity [could not] be discounted solely based on objective medical findings." *Id.* at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)).

In this case, the ALJ supported her conclusions with respect to the limiting effects of plaintiff's pain in part by discussing the medical evidence. *See* Tr. 16–21. The ALJ also, however, relied on other evidence, including plaintiff's reports that "his lower back pain was well-controlled with his medications" and "that his back pain and lower neck pain were controlled by

*Wayne B. v. Kijakazi*
DLB-20-1654
September 15, 2021
Page 5

medications." Tr. 18 (citing Tr. 438, 464). The ALJ also cited evidence that plaintiff experienced "only a mild limitation in [his] activities of daily living and overall functioning." Tr. 18 (citing Tr. 421). Thus, unlike in *Lewis*, here the ALJ did not find plaintiff's statements incredible solely based the lack of objective evidence corroborating them. *See* 858 F.3d at 866. Remand is therefore inappropriate.

Second, plaintiff has not identified any record support for his argument that the ALJ's refusal to consider evidence from after plaintiff's DLI warrants remand. *See* Pl.'s Mem. 15–16. In *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337, 341 (4th Cir. 2012), the Fourth Circuit observed that "post-DLI medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." In this case, plaintiff argues that evidence post-dating his DLI was available in the record and that the ALJ explicitly refused to consider that evidence. *See* Pl.'s Mem. 15–16. But plaintiff does not identify any link between that evidence and his pre-DLI condition or any harm in the ALJ's potential error. *See id.* Plaintiff merely discusses evidence from before his DLI or evidence the ALJ specifically discussed in the decision. *See id.* at 16 (citing Tr. 514, which is from October 4, 2013; Tr. 655, which is from November 22, 2016); *id.* at 17 (citing Tr. 124, which is from October 26, 2017—after plaintiff's DLI of December 31, 2016— but which the ALJ specifically discussed, *see* Tr. 20). Accordingly, I find plaintiff failed to demonstrate either how the ALJ erred or whether that alleged error was harmful.

Third and finally, I disagree that the ALJ's evaluation of plaintiff's ADLs requires remand in this case. In *Woods v. Berryhill*, 888 F.3d 686, 694–95 (4th Cir. 2018), the ALJ found not credible the plaintiff's statements of the extent of her pain because, in the ALJ's view, the plaintiff's ADLs were inconsistent with her reported pain. The ALJ, however, mischaracterized the plaintiff's abilities and in doing so used illogical reasoning to support the finding. The ALJ, for example, stated that plaintiff could "cook," but the plaintiff actually stated that "she [could] prepare simple meals but ha[d] trouble cutting, chopping, dicing, and holding silverware or cups." *Id.* at 694. The Fourth Circuit remanded and instructed the ALJ to "consider not just the *type* of [the plaintiff's] daily activities, but also the *extent* to which she [could] perform them in assessing her credibility." 888 F.3d at 695 (emphasis in original); *see also Brown v. Cmm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017) (holding the ALJ erred in finding the plaintiff's ADLs were inconsistent with his statements of pain because the ALJ did not consider the limited extent to which the plaintiff engaged in those activities; for example, the ALJ noted the plaintiff could drive but did not acknowledge the plaintiff stated he could drive only short distances without significant discomfort); *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (holding the ALJ erred in discrediting the statements of pain based on the plaintiff's ADLs because the ALJ did not consider the extent to which the plaintiff could do those activities before becoming debilitated by pain).

In contrast, here the ALJ discussed plaintiff's ADLs, generally, and concluded that the "activities require[d] skills that were consistent with the ability to perform simple, routine tasks." Tr. 19. The ALJ thus discussed plaintiff's skill level—not the inconsistency of his ADLs with his statements of pain—and used plaintiff's ADLs as evidence of plaintiff's ability to complete simple, rather than complex, tasks. The ALJ's discussion is relevant to plaintiff's claim, moreover,

*Wayne B. v. Kijakazi*
DLB-20-1654
September 15, 2021
Page 6

because the consultative examiner extensively discussed plaintiff's difficulty with complex tasks. *See* Tr. 651–55.  Thus, I disagree that the ALJ erred in evaluating plaintiff's ADLs.

Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence.  *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971).  The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 17, is denied, and defendant's motion for summary judgment, ECF 22, is granted.  The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge